Battle, J.
 

 There can be no doubt that the trustee has no power to sell the lands conveyed to him by Doctor John Smith in trust for the petitioners. And from the fact that an express power is conferred upon him to sell one or more of the slaves under certain circumstances, it may fairly be inferred that the grantor did not intend that he should ever sell fhe lands. That a Court of Equity has, in this State, the power to decree a sale of lands held in trust for a feme covert and infants, upon the petition of the feme and the guardian of the infants, we think cannot be questioned ; and in a proper case, such a sale will be ordered, and the proceeds directed to be laid out in the purchase of other lands, or perhaps vested in stocks, and settled upon the same trusts. Whether the power of the Court extends to a case like the present, where the trust is for a class of persons, some of whom may, but have not yet, come into existence, it is unnecessary for us to decide j for, admitting such a power, we do not think this a proper case for its application. It is undoubtedly the duty of the Court, when it is called upon to exercise its jurisdiction in directing a sale, to see that the benefit of the persons most interested will be promoted, particularly when those persons are infants. This duty would be still more imperative, if the Court could act where the trust might embrace persons not yet in existence. Applying this caution to the case before us, we cannot fail to perceive, that though the interests of the tenant for life might be essentially promoted by a change of the property, it is by no means so clear that the benefit would extend to the children. Their benefit was undoubtedly most in the contemplation of the grantor ; for the fee is given to them, while a life estate only is given to their mother. The use which she and her husband can make of the lands, may possibly be more restricted than the grantor intended ; but that cannot have any influence upon us. The lands are stated in the petition to be valuable principally for the timber growing thereon, and it is certain that the less use which can be made of them by the tenan
 
 *88
 
 for life, the more valuable they will be for 'the remaindermen. That fact was no doubt known to the grantor, and hence it is very probable that he intended these lands as a certain provision for his grandchildren. The reasons ought to be very strong, which should induce us to do any act which might have a tendency to disappoint that intention.
 

 B ut it may be said, that upon a reference by the Court of Equity for Bladen County, the Master reported that the interests of the infant petitioners would be promoted by the sale of the lands in question. That report is based upon the testimony of two witnesses who give no reasons for their opinion, except that they are acquainted with the lands.
 
 We
 
 have come to a different conclusion. We think that a sale at present would not be benefical to the infants ; but as a state of things may possibly arise at some future time, when a sale would be greatly to their advantage, we will dismiss the petition without prejudice, but with costs.
 

 Per Curiam. Petition dismissed.